# SOLOMON *v.* BUSHNELL.

WAREHOUSEMAN'S RECEIPT, TRANSFER OF.—In the absence of statutory enactment, a warehouseman's receipt is not a negotiable instrument, and an assignment thereof operates merely as a transfer of the property deposited, and passes no better title to the purchaser than the vendor had.

APPEAL from Lane County.

*George B. Dorris,* for appellant.

*George S. Washburn* and *Strahan & Bilyeu,* for respondent.

By the Court, LORD, J.:

This was an action of replevin, brought for the possession of one thousand bushels of wheat, or its value, if delivery could not be had, upon a warehouse receipt given by the defendant to one Skye Meek, and by him transferred to the plaintiff.

Sufficient for the purposes of this case that the facts are that Skye Meek, a tenant of Samuel Meek, delivered to the defendant, at his warehouse for storage, twenty-three hundred and eighteen bushels of wheat, for which he received from the defendant three warehouse receipts. Two of these receipts, viz., for six hundred bushels and one thousand bushels of wheat, were issued in the name of Skye Meek, and the other, viz., for seven hundred and eighteen bushels of wheat, was issued in the name of S. Meek. Of the twenty-three hundred and eighteen bushels of wheat deposited for storage, Skye Meek was entitled to one-half of that amount as the tenant of Samuel Meek, to whom the other half belonged; but of the respective interests of these parties in the wheat, the defendant had no knowledge at the

time such wheat receipts were issued. Skye Meek transferred these receipts to the plaintiff, who purchased them of him in good faith, and for value, and also gave notice to the defendant of his purchase of the same when done; and upon which receipts the defendant delivered to the plaintiff thirteen hundred and ninety-four bushels of the wheat thus stored; but the delivery of the same to the plaintiff was not made under any particular receipt or receipts, nor were any of the receipts delivered up to the defendant, but were and are still held and retained by the plaintiff.

Prior to the demand of the plaintiff for the wheat mentioned in the receipt for one thousand bushels, and before the commencement of this action for the same, Samuel Meek had demanded of the defendant his half of the wheat stored (one thousand one hundred and fifty-nine bushels), and the defendant delivered to him nine hundred and twenty-four bushels, being the balance in his possession. Upon this state of facts, substantially, the action was tried before the court, without the intervention of a jury, and a judgment was rendered against the plaintiff and in favor of the defendant for his costs and disbursements.

The only real or important question presented by this record is as to the negotiability of warehouse receipts. In the court below, as well as here, the theory upon which the plaintiff maintained his action was that a warehouse receipt is negotiable, and that, consequently, it is immaterial whether Skye Meek owned the wheat for which the receipt called, the transfer of the wheat receipt gave him the right to the wheat.

At the outset, it must be premised that there is no statute of this state which makes such receipts negotiable, and in the absence of such legislation warehouse receipts are not

negotiable instruments in the commercial sense, so as to bind the maker to the assignee in all cases.

The holder of such a receipt takes no better title, nor occupies any more advantageous position than if the goods themselves were held by him. A receipt given by a warehouseman for property placed in his possession for storage is not, in a technical sense, like a bill of exchange, a negotiable instrument, but it merely stands in the place of the property it represents, and a delivery of the receipt has the same effect in transferring the title to the property as the delivery of the property. In *Burton* v. *Curyea*, 40 Ill., 327, the court say: "The principle applied in all cases is that the delivery of warehouse receipts is a symbolic delivery of the property itself; that it has the same effect as the delivery, and can have no greater, and that a transfer of a warehouse receipt by the person in possession of it gives no higher title than would the transfer of the property by the same person." In *Hale, et al.* v. *Milwaukee Dock*, 29 Wis., 485, it is held that a warehouse receipt is negotiable only to the same extent and for the same purpose as a bill of lading or carrier's receipt. The indorsement or delivery of it does not convey the contract itself, but only the property represented by it, and it becomes the mere evidence of the title of the holder in such property.

These cases ably and exhaustively review the authorities upon this subject, and the analogies of law as applied to instruments of similar purport, and the conclusion to be deduced from them, and which is decisive of this case, is that the transfer of a wheat receipt issued by a warehouseman is simply in effect a transfer of the wheat, or operates as a symbolical delivery equivalent in the then situation of the property to the delivery of the property itself, and passes no better title to the purchaser than a delivery of the wheat

itself. (*Lickbarrow* v. *Mason*, 1 Smith L. C., [7 Am. Ed.], 1879; *Second Nat. Bank* v. *Wolbridge*, 19 Ohio St., 419; *Insurance Co.* v. *Kiger*, 103 U. S. R., 356.)

The judgment of the court below is affirmed.

WATSON, C. J., concurred.